**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : | Honorable Madeline Cox Arleo |
|  | : | Civil Action No. 07-4331 (JAG) |
| Plaintiff, | : | |
| v. | : | **REPORT AND RECOMMENDATION** |
| CYNTHIA BENNETT, et al., | : | |
| Defendants. | : | |

**BACKGROUND**

On September 10, 2007, Plaintiff, The Prudential Insurance Company of America ("Plaintiff"), filed the Complaint. On March 19, 2008, Defendant Cynthia Bennett ("Bennett") filed the Answer. On April 10, 2008, this Court issued a Letter Order scheduling the initial conference for May 9, 2008. At that conference, out-of-state counsel appeared for Bennett by telephone. However, as counsel is not admitted to practice before this Court and Bennett did not appear pro se at the conference, the Court adjourned the conference until June 13, 2008 to allow Bennett to personally appear or have local counsel appear on her behalf. Bennett did not appear at the June 13, 2008 status conference.

On June 16, 2008, this Court entered an Order to Show Cause why monetary/reprimand sanctions should not be imposed. The Order to Show Cause was returnable on July 8, 2008. Bennett

was directed to file any written submission with the Court by July 1, 2008.  On July 2, 2008, this

Court received a letter from Bennett dated June 25, 2008.  In that letter, Bennett states that she is

writing to "advise that I can no longer pursue my husband's life insurance."  She further states that

she "can no longer afford counsel with no results."

Before recommending that default be entered, this Court entered an Order affording Bennett

thirty (30) days, or until August 8, 2008, to obtain counsel.  If Bennett did not obtain counsel or

otherwise indicate that she wanted to defend pro se the claims against her, the Court would

recommend that default be entered against her.   To date, no counsel has entered an appearance on

Bennett's behalf.  On August 28, 2008, this Court received a letter from Plaintiff requesting that

default be entered against Bennett.

## DISCUSSION

Defendant Bennett's failure to comply with the Orders of this Court require this Court to

determine the appropriate sanctions to impose.  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d

863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered

in determining whether to dismiss a plaintiff's action or strike a defendant's answer.  Poulis, 747 F.2d

at 868.  The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice

to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a

history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails ane analysis of alternative

sanctions; and (6) the meritoriousness of the claim or defense."  Id. at 868.  The Court is required to

balance each factor in its analysis.  Id.

1.      The Extent of Bennett's Personal Responsibility

Bennett has failed to secure counsel or otherwise appear before this Court.  Her failure to

appear and defend this case demonstrates a willful decision to disregard the Orders of this Court.

Defendant was warned that continued failure to comply would result in sanctions.  She ignored this

Court's Orders of June 16, 2008 and July 8, 2008.

Bennett is not exempt from responsibility for failure to abide by this Court's orders simply

because she is pro se.  "[A]ll litigants, including pro ses, have an obligation to comply with Court

orders.  When they flout that obligation, they, like all litigants, must suffer the consequences of their

actions."  Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994).  Bennett failed to retain counsel and

comply with court-ordered appearances.  Accordingly, these factors favor striking Defendant Cynthia

Bennett's Answer, allowing Plaintiff to proceed to judgment by default as to Bennett, and entering

default against her.

2.      Prejudice to Plaintiff

Based on Bennett's decision to disregard court orders, Plaintiff is incapable of prosecuting its

claims against her.  Despite Orders from this Court, Bennett has not attended in-person conferences

or secured counsel.  Indeed, based on Bennett's inaction, it is impossible for Plaintiff to understand

Bennett's defense and adequately respond to same.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc.,

322 F.3d 218, 222 (3d Cir. 2003).  There, the plaintiff failed to provide defendant with specific

information and documentation concerning the damages calculation in a timely fashion.  The court

explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,'

the burden imposed by impeding a party's ability to prepare effectively a full and complete trial

strategy is sufficiently prejudicial." Id.  Prejudice also includes "the irretrievable loss of evidence, in the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citations omitted).

Here, the prejudice is palpable.  Plaintiff is unable to ascertain Bennett's defenses in this suit or prosecute its claims against her.  The decision not to appear at court-ordered conferences weigh in favor of striking Cynthia Bennett's Answer, allowing Plaintiff to proceed to judgment by default as to Bennett, and entering default against her.

3.    History of Dilatoriness

This Court made several efforts to permit Bennett to retain new counsel and appear to defend against this suit by adjourning the Court ordered conferences and issuing Orders To Show Cause wherein she was directed to provide an explanation for her absences from Court proceedings.  An in-person conference was scheduled for June 13, 2008, an Order to Show Cause was issued on June 16, 2008 and an Order permitting Bennett 30 days to obtain counsel was issued on July 8, 2008.  As set forth above, this Court is unpersuaded that Bennett's alleged circumstances excuse her failure to appear at Court ordered conferences.  Poulis makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation.  If compliance is not feasible, a timely request for an extension should be made to the court.  A history of ignoring these time limits is intolerable." 747 F.2d at 868.  Bennett's repeated failures to appear weigh in favor of striking Defendant Cynthia Bennett's Answer, allowing Plaintiff to proceed to judgment by default as to Bennett, and entering default against her.

4.       Bennett's Conduct Has Been Willful

As set forth above, Bennett failed to retain counsel and appear for court-ordered in-person

conferences and hearings. Such conduct demonstrates willfulness. Accordingly, the absence of a

reasonable excuse suggests willful conduct or bad faith. See Ware, 322 F.3d at 224 (finding

willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of

Plaintiff's counsel"). This factor warrants striking Defendant Cynthia Bennett's Answer, allowing

Plaintiff to proceed to judgment by default as to Bennett, and entering default against her.

5.       Effectiveness of Alternative Solutions

As the record reflects, this Court has provided Bennett with opportunities to appear at court-

ordered conferences and defend against this suit. The record is also replete with the failure of Bennett

to do so. To continue to allow Bennett further benefits to appear at court conferences makes this case

impossible for the Court to move forward and for Plaintiff to prosecute its claims. Bennett's refusal

to follow Court Orders has been evidenced throughout this case.

The Court has the power to strike a pleading and/or render a judgment by default as a sanction

against a party who fails to obey an order. See Fed.R.Civ.P. 16(f). Here, no alternative to allowing

Plaintiff to proceed to judgment by default is appropriate in this case. Despite court orders, the non-

compliance has continued. The case cannot move forward. Plaintiff is prejudiced. The only

appropriate sanction here is to strike Defendant Cynthia Bennett's Answer, allow Plaintiff to proceed

to judgment by default as to Bennett, and enter default against her.

6.       Meritoriousness of Bennett's Defense and Counterclaims

The Court has reviewed Defendant Cynthia Bennett's Answer to the Complaint. However,

given the bare-boned nature of the pleading, the Court cannot adequately evaluate the merits, if any,

of Bennett's defense.  Accordingly, as it is not necessary for the Court to reach this factor to recommend striking Bennett's Answer, allowing Plaintiff to proceed to judgment by default as to Bennett, and entering default against her, this Court declines to consider this factor in weighing the recommended sanctions.

## CONCLUSION

This Court's recommendation of striking Defendant Cynthia Bennett's Answer, allowing Plaintiff to proceed to default judgment, and entering default against her is not made lightly. However, this Court is convinced that it is left with no alternative.  This Court offered Bennett opportunities to retain counsel and appear at court-ordered conferences, but to no avail.  The Court also warned Bennett that continuation of this conduct would result in sanctions.  Under the circumstances, no less onerous sanction would be appropriate.

For the reasons set forth above, I recommend that the District Court strike Defendant Cynthia Bennett's Answer (Docket Entry No. 12), allow Plaintiff to proceed to judgment by default as to Bennett, and enter default against her.  The parties have ten (10) days from the date hereof to file and serve objections.

Respectfully submitted,


*s/Madeline Cox Arleo*
MADELINE COX ARLEO
United States Magistrate Judge

Dated: October 3, 2008

Orig.:  Clerk of the Court
cc:     Hon. Joseph A. Greenaway, Jr., U.S.D.J.
        All Parties
        File