**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

—————————————————————
:
THE PRUDENTIAL INSURANCE          :
COMPANY OF AMERICA,               :
:
     Plaintiff,                 :               Civil Action No. 07-4331 (JAG)
:
           v.              :                  **OPINION**
:
CYNTHIA BENNETT,                  :
EVERETT BENNETT,                  :
COLEMAN YOUNGER BENNETT, IV,      :
LAURA CHRISTINE BENNETT          :
ELIZABETH LIVINGSTON, and         :
MULHEARN FUNERAL HOME, INC.,      :
:
     Defendant.                 :
—————————————————————:


**GREENAWAY, JR., U.S.D.J.**

    This matter comes before this Court on the motions[1] filed by plaintiff, Prudential

Insurance Company of America ("Plaintiff" or "Prudential"), seeking entry of default judgment

against defendants, Cynthia Bennett, Everett Bennett, Laura Christine Bennett,[2] Elizabeth

Livingston, and Mulhearn Funeral Home, Inc. ("Mulhearn Funeral") (collectively,

—————————————

    [1] Plaintiff filed a motion for default judgment against Everett Bennett, Elizabeth
Livingston, Mulhearn Funeral Home, Inc., and Laura Christine Bennett on April 25, 2008
(Docket Entry No. 18), and a motion for default judgment against Cynthia Bennett on April 9,
2009 (Docket Entry No. 33).

    [2] After Laura Christine Bennett filed the answer to the Complaint on April 30, 2008
(Docket Entry No. 19), Plaintiff withdrew the motion for default judgment as to Laura Christine
Bennett (Docket Entry No. 21), and this Court approved the withdrawal (Docket Entry No. 22).

"Defendants"), pursuant to FED. R. CIV. P. 55(b).  For the reasons set forth below, these motions shall be denied.

## I. FACTS

Prudential is a life insurance company with its principal place of business in Newark, New Jersey.  (Compl. ¶ 1.)  Prudential, through Veterans' Group Life Insurance Program ("VGLI"), issued Group Policy No. G-32000 to the Secretary of Veterans Affairs ("Group Policy"), providing life insurance to members of the United States armed forces, in accordance with the terms of the Group Policy and the provisions of 38 U.S.C. § 19(III).  (Id. ¶ 7; see U.S. Dep't. of Veterans Affairs: Servicemembers' and Veterans' Group Life Insurance Handbook, attached as Ex. A to Compl. [hereinafter "Compl. Ex. A"].)

Coleman Younger Bennett, III was insured under the Group Policy in the amount of $50,000.00.  (Coleman Younger Bennett, III's Application for Veterans' Group Life Insurance, attached as Ex. B to Compl. [hereinafter "Compl. Ex. B"].)  Coleman Younger Bennett, III died on April 22, 2006.  (Compl. ¶ 12; see Certificate of Death, attached as Ex. F to Compl. [hereinafter "Compl. Ex. F"].)  Prudential concedes that the death claim benefit under the Group Policy for Coleman Younger Bennett, III was $50,000.00 in Basic Term Life Coverage, and as a result of Coleman Younger Bennett, III's death, the death claim benefit, $50,000.00, is due and payable to the designated beneficiaries.  (Compl. ¶¶ 14, 24.)

On March 6, 1990, decedent Coleman Younger Bennett, III designated defendants Coleman Younger Bennett, IV, and Laura Christine Bennett as primary beneficiaries in his application for VGLI.  (Compl. ¶ 8; see Compl. Ex. B.)  On January 19, 2006, decedent Coleman Younger Bennett, III executed a General Power of Attorney naming Coleman Younger Bennett,

Jr. as a true and lawful agent and attorney-in-fact.  (Compl. ¶ 9; see General Power of Attorney, attached as Ex. C to Compl. [hereinafter "Compl. Ex. C"].)  On January 27, 2006, decedent Coleman Younger Bennett, III further executed a Health Care Power of Attorney form naming Coleman Younger Bennett, Jr. as a true and lawful agent.  (Compl. ¶ 10; see Health Care Power of Attorney, attached as Ex. D to Compl. [hereinafter "Compl. Ex. D"].)  On March 8, 2006, a change of Beneficiary Designation form was executed naming defendant Everett Bennett as Primary Beneficiary and defendant Elizabeth Livingston as Contingent Beneficiary.  (Compl. ¶ 11; see Beneficiary Designation Form, attached as Ex. E to Compl. [hereinafter "Compl. Ex. E"].)  The signature line on the designation form contained the following: "X 'His Mark' = witness C.Y. Bennett, Jr."  (Id.)  After the death of Coleman Younger Bennett, III on April 23, 2006, defendants Everett Bennett and Elizabeth Livingston executed an Insurance Assignment that assigned $3,822.65 of the death claim benefit to defendant Mulhearn Funeral.  (Compl. ¶ 15; see Insurance Assignment, attached as Ex. G to Compl. [hereinafter "Compl. Ex. G"].)

On May 1, 2006, defendant Cynthia Bennett filed a petition for damages and received a temporary restraining order against Coleman Younger Bennett, Jr.  (Compl. ¶ 16; see Pet. for Damages and Temporary Restraining Order, attached as Ex. H to Compl. [hereinafter "Compl. Ex. H"].)  On May 21, 2006, Cynthia Bennett submitted a claim to the death benefit of decedent Coleman Younger Bennett, III.  (Compl. ¶ 17; see Claim for Death Benefits form, attached as Ex. I to Compl. [hereinafter "Compl. Ex. I"].)

Prudential avers that Cynthia Bennett has claimed the death benefit of decedent Coleman Younger Bennett, III.  Prudential further alleges that the other five defendants, Everett Bennett, Coleman Younger Bennett, IV, Laura Christine Bennett, Elizabeth Livingston, and Mulhearn

Funeral, have claimed or may claim the death benefit.  (Compl. ¶¶ 18-23.)  Prudential claims no

title to the benefits and is ready and willing to pay the proceeds to the appropriate party or

parties.  (Id. at ¶ 24.)  Prudential, however, is unable to make that determination without

exposing itself to double or multiple liability due to the potential competing claims made by

Defendants.  (Id.)

      Plaintiff filed an Interpleader Complaint on September 10, 2007 seeking a determination

of the disbursement of the benefits.  (Docket Entry No. 1.)  Everett Bennett was served with a

copy of the Summons and Complaint in this matter on February 28, 2008.  (Docket Entry No.

10.)  Elizabeth Livingston was served with a copy of the Summons and Complaint in this matter

on March 1, 2008.  (Docket Entry No. 13.)  Mulhearn Funeral was served with a copy of the

Summons and Complaint in this matter on January 17, 2008.  (Docket Entry No. 6.)  Everett

Bennett, Elizabeth Livingston, and Mulhearn Funeral Home, Inc. have failed to appear, answer or

otherwise move as to the Interpleader Complaint.  Therefore, Prudential filed a motion for

default judgment on April 28, 2008, after the clerk entered default as to Everett Bennett,

Elizabeth Livingston, and Mulhearn Funeral Home, Inc. on April 25, 2008.  (Docket Entry No.

18.)

      On February 28, 2008, Cynthia Bennett was served with a copy of the Summons and

Complaint in this matter at 2984 Highway 80 West Lot 49, Calhoun, LA.  (Docket Entry No. 9.)

On March 19, 2008, Cynthia Bennett filed an Answer to the Complaint.  (Docket Entry No. 12;

see  Answer to Interpleader Compl., attached as Ex. B to Pl.'s Mot. for Default J. [hereinafter

"Mot. Ex. B"].)  However, Cynthia Bennett failed to appear and comply with two orders of this

Court: an April 10, 2008 letter order issued for the initial conference of May 9, 2008 and the June

16, 2008 order to show cause why monetary/reprimand sanctions should not be imposed upon

Cynthia Bennett.  Cynthia Bennett later sent this Court a letter, dated June 25, 2008, stating that

"[she] can no longer pursue [her] husband's life insurance [and she] can no longer afford counsel

with no results."  (Docket Entry No. 27.)

As a result of Cynthia Bennett's failure to appear and defend this case, Magistrate Judge

Madeline Cox Arleo filed a Report and Recommendation ("R & R") (Docket Entry No.30) on

October 3, 2008 wherein she recommended that the Answer of Cynthia Bennett be stricken from

the record.  (Docket Entry No. 30.)  On March 10, 2009, this Court adopted the R & R and the

clerk entered default as to Cynthia Bennett.  (Docket Entry No. 32.)  On April 9, 2009, Prudential

filed the present motion for default judgment as to Cynthia Bennett.  (Docket Entry No.33.)

## II. STANDARD OF REVIEW

A district court can enter a default judgment, pursuant to FED. R. CIV. P. 55(b)(2), which

states:

> In all other cases, the party must apply for a default judgment.  A default judgment may
> be entered against a minor or incompetent person only if represented by a general
> guardian, conservator, or other like fiduciary who has appeared.  If the party against
> whom a default judgment is sought has appeared personally or by a representative, that
> party or its representative must be served with written notice of the application at least 3
> days before the hearing.  The court may conduct hearings or make referrals–preserving
> any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs
> to:
>> (A) conduct an accounting;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence; or
>> (D) investigate any other matter.

FED. R. CIV. P. 55(b)(2).  Further, discretion to enter default judgment is left primarily to the trial

court.  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint."  United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)).  Default does not establish liability for the amount of damages claimed by the plaintiff.  Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.").  "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages.  Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993).  In determining the amount, the district court may conduct a hearing.  FED. R. CIV. P. 55(b)(2).  The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment."  Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).  "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."  Pope v. United States, 323 U.S. 1, 65 (1944).

### III. JURISDICTION

Before a district court can enter default judgment against a party that has not filed responsive pleadings, the court "has an affirmative duty to look into its jurisdiction both over the

subject matter and the parties." <u>Williams v. Life Sav. & Loan</u>, 802 F.2d 1200, 1203 (10th Cir. 1986).

**A.      Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action.  This is an interpleader action filed under 28 U.S.C. § 1335, which grants district courts original jurisdiction over any civil action of interpleader filed by any person having issued a policy of insurance valued at $500 or more, if there exists diversity among the adverse claimants, and if the plaintiff has deposited the value of the instrument into the registry of the court.  The plaintiff may make such deposit only "on notice to every other party and by leave of court." FED. R. CIV. P. 67(a).

Under § 1335, "District Courts have subject matter jurisdiction under this provision if there is 'minimal diversity" between two or more adverse claimants, and if the amount in controversy is $500 or more." <u>Metropolitan Life Ins. Co. v. Price</u>, 501 F.3d 271, 275 (3d Cir. 2007) (citing <u>State Farm Fire & Cas. Co. v. Tashire</u>, 386 U.S. 523, 530-31 (1967)).  For diversity purposes, citizenship is determined as of the date of the original or amended complaint.  28 U.S.C. § 1335(7).

As of the date of the complaint, defendants Cynthia Bennett, Everett Bennett, Elizabeth Livingston resided in Louisiana, and defendant Mulhearn Funeral Home, Inc., had its principal place of business in Louisiana.  (Compl. ¶¶ 2-4, 6-7.)  Plaintiff Prudential is a life insurance company with its principal place of business in Newark, New Jersey.  (<u>Id.</u> ¶ 1.)  This satisfies the minimum diversity requirement of § 1335.  The $50,000 insurance policy with accrued interest, if any, at issue exceeds the $500 threshold, and Prudential stands ready to deposit those proceeds

7

of the Group Policy into the court registry.  (Id. ¶ 25.)  Therefore, pursuant to § 1335, this Court

has subject matter jurisdiction.

**B.      Personal Jurisdiction**

A federal court first looks to the forum state's long-arm statute to determine if personal

jurisdiction is permitted over an out-of-state defendant.  Miller Yacht Sales, Inc. v. Smith, 384

F.3d 93, 96 (3d Cir. 2004).  In New Jersey, the long arm statute permits the exercise of personal

jurisdiction to the fullest limits of due process, as defined under the Constitution of the United

States.  Id.  Therefore, in New Jersey, federal law defines the parameters of a court's in personam

jurisdiction.  IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998).  Thus, this Court

must determine whether the exercise of jurisdiction violates the Due Process Clause of the

Fourteenth Amendment.  Miller Yacht Sales, 384 F.3d at 96.

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state

defendant only where "the defendant purposefully avails itself of the privilege of conducting

activities within the forum State, thus invoking the benefits and protections of its laws."  Burger

King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235

(1958)).  It is the burden of the plaintiff to prove that the defendant has purposefully availed itself

of the forum state.  Burke v. Quartey, 969 F. Supp. 921, 924 (D.N.J. 1997).

To prove that a defendant has purposefully availed itself of the forum state, a plaintiff

may rely upon a defendant's specific contacts with the forum state.  The burden to produce actual

evidence of the defendant's contacts with the forum state rests on the plaintiff.  Time Share

Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).  Personal jurisdiction

pursuant to such contacts is known as specific jurisdiction.  Specific jurisdiction is invoked when

a claim is related to or arises of out the defendant's contacts with the forum.  Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 416 (1984); Dollar Sav. Bank v. First Sec. Bank of Utah, 746 F.2d 208, 211 (3d Cir. 1984).

A court must first determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  What constitutes minimum contacts varies with the "quality and nature of defendant's activity."  Hanson, 357 U.S. at 253.  In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus on the "relationship among the defendant, the forum, and the litigation."  Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984).  There must be at least "a single deliberate contact" with the forum state that relates to the cause of action.  United States Golf Ass'n v. United States Amateur Golf Ass'n, 690 F. Supp. 317, 320 (D.N.J. 1988).  The unilateral acts of the plaintiff, however, will not amount to minimum contacts.  Helicopteros Nacionales de Colombia, 466 U.S. at 414; Hansen, 257 U.S. at 253.  Assuming minimum contacts have been established, a court must inquire whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  Burger King Co., 471 U.S. at 476 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)); see also Pennzoil Prod. Co. v. Colelli & Assoc. Inc., 149 F.3d 197, 201 (3d Cir. 1998).

For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state.  World-Wide Volkswagen Corp., 444 U.S. at 292 (1980).  To determine reasonableness, a court considers the following factors: a) the burden on the defendant; b) the forum state's interest in adjudicating the

dispute; c) the plaintiff's interest in obtaining convenient and effective relief; d) the interstate

judicial system's interest in obtaining the most efficient resolution of controversies; and e) the

shared interest of the several States in furthering substantive social policies.  Id.  Only in "rare

cases [do the] minimum requirements inherent in the concept of 'fair play and substantial justice'

. . . defeat the reasonableness of jurisdiction even [though] the defendant has purposefully

engaged in forum activities."  Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano

County, 480 U.S. 102, 116 (1987) (citing Burger King Co., 471 U.S. at 462).

If the plaintiff cannot establish specific jurisdiction, a court may exercise general

jurisdiction over the defendant if the defendant has maintained "continuous and systematic"

contacts with the forum state.  Helicopteros Nacionales de Colombia, 466 U.S. at 416.  To

establish general jurisdiction, the plaintiff "must show significantly more than mere minimum

contacts" with the forum state.  Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819

F.2d 434, 437 (3d Cir. 1987).  Moreover, the facts required to establish general jurisdiction must

be "extensive and persuasive."  Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas,

675 F.2d 587, 589 (3d Cir. 1982).

### III. ANALYSIS

In the instant case, Plaintiff has failed to demonstrate that this Court has personal

jurisdiction over Cynthia Bennett, Everett Bennett, Elizabeth Livingston, and Mulhern Funeral.

Defendants reside in Louisiana and have no apparent contact with New Jersey.  Plaintiff has

alleged no facts to show minimum contacts with the forum on the part of Defendants sufficient to

establish personal jurisdiction.  In fact, Plaintiff has alleged no facts that demonstrate that

Defendants had any contact with New Jersey whatsoever.  Therefore, Plaintiff has failed to

satisfy its burden to present evidence establishing any basis for personal jurisdiction in this forum over Defendants.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that Plaintiff has failed to establish that this Court has personal jurisdiction over Defendants.  Therefore, this Court shall deny Plaintiff's motion for default judgment, without prejudice.

 S/Joseph A. Greenaway, Jr. \
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date:  October 26, 2009